**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Oct 29 2014, 9:36 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**TIMOTHY J. BURNS**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHRISTINA D. PACE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MAURICIO REYES-FLORES, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1404-CR-275 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Gary L. Miller, Judge
Cause No. 49G21-1301-CM-1451

**October 29, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Mauricio Reyes-Flores ("Reyes-Flores") appeals his conviction for Invasion of Privacy, as a Class A misdemeanor.[1] We affirm.

**Issue**

Reyes-Flores presents one issue for review: whether the evidence is sufficient to support his conviction for invasion of privacy.

**Facts and Procedural History**

On September 20, 2012, Marion Superior Court 1 entered, as a condition of pre-trial release in a separate case, a no-contact order that prohibited Reyes-Flores from having any contact with his ex-wife, Juana Rubio ("Rubio").

On January 6, 2013, Rubio and her friend Juana Cruzzapata ("Cruzzapata") went to a self-service laundry facility in west Indianapolis. After loading the washing machines with their laundry, the pair stepped outside to return the detergent to Cruzzapata's car. While they were outside, Reyes-Flores arrived and parked his car a few spaces away. Reyes-Flores got out of his car, looked at Rubio, and started to laugh. Rubio re-entered the building. Reyes-Flores followed her in.

Aware of the no-contact order, and distressed by Reyes-Flores's presence, Rubio called the police. When officers from the Indianapolis Metropolitan Police Department arrived, Reyes-Flores was inside the facility doing laundry and sitting approximately twenty

---

[1] Ind. Code § 35-46-1-15.1(5) (2013). Because Reyes-Flores committed his crime in 2013, we apply the version of the substantive criminal statute in effect at that time.

2

feet away from Rubio. After interviewing Rubio and Reyes-Flores, the police arrested Reyes-Flores.

On January 6, 2013, Reyes-Flores was charged with Invasion of Privacy, as a Class A misdemeanor. A bench trial was held on March 26, 2014, at the conclusion of which Reyes-Flores was found guilty. He now appeals.

## Discussion and Decision

Our standard of review for sufficiency of the evidence claims is well settled. We consider only the evidence and reasonable inferences supporting the judgment. Bailey v. State, 907 N.E.2d 1003, 1005 (Ind. 2009). We do not reweigh evidence or judge the credibility of witnesses. Id. We will affirm the conviction "if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt." Id.

Pursuant to Indiana Code section 35-33-8-3.2, a court may impose upon a defendant, as a condition of pretrial release, certain enumerated requirements and conditions designed to assure the defendant's appearance at legal proceedings and the public's physical safety. Included among these conditions is that a court may require a defendant to refrain from any direct or indirect contact with an individual. I.C. § 35-33-8-3.2(4).

Under Indiana Code section 35-46-1-15.1(5), a person who knowingly or intentionally violates a no-contact order issued as a condition of pretrial release commits invasion of privacy.

On September 20, 2012, Marion Superior Court 1 issued the following no-contact order:

> 1. The defendant [Reyes-Flores] is ordered to have no contact with:
>
> Juana Castillo-Rubio
>
> in person, by telephone or letter, through an intermediary, or in any other way, directly or indirectly, except through an attorney of record, while released from custody pending trial. This includes, but is not limited to, acts of harassment, stalking, intimidation, threats, and physical force of any kind.

(State's Exhibit 1.)

The State charged that Reyes-Flores "did knowingly violate an order of protection, that is: A no contact order issued as a condition of pretrial release; which was issued to protect Juana Rubio, and furthermore, did so by engaging in the following conduct: went into a business and/or stayed in it knowing she was there." (App. at 19.)

The evidence shows that Reyes-Flores arrived at the laundry facility after Rubio began doing her laundry. Both Rubio and Cruzzapata testified that when Reyes-Flores arrived in the parking lot, he looked at them and started laughing. Although he was aware of Rubio's presence at that point, he followed her into the building. He then proceeded to sit within twenty feet of Rubio while she did her laundry. He remained there until the police arrived.

At trial, Reyes-Flores testified that he knew of the no-contact order, but that he did not know Rubio was in the building until the police pointed her out. He therefore argues that "[t]he record does not demonstrate a knowing violation of the order and fails for a lack of sufficient evidence." (Appellant's Br. at 7.) On appeal, we do not reweigh evidence, and we

4

consider only the evidence that supports the judgment. <u>Bailey</u>, 907 N.E.2d at 1005. The evidence that favors the judgment is that Reyes-Flores followed Rubio into the building after he became aware of her presence. Therefore, there was sufficient evidence to convict Reyes-Flores of invasion of privacy for knowingly violating the no-contact order.

## Conclusion

There was sufficient evidence to convict Reyes-Flores of invasion of privacy.

Affirmed.

NAJAM, J., and PYLE, J., concur.